UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                               Case No. 13-20624

v.                                                  Honorable Nancy G. Edmunds

DONALD GUEST,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE [29]**

On October 22, 2013, Defendant Donald Guest pled guilty to one count of travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). On May 15, 2014, Defendant was sentenced to a term of 48 months of imprisonment followed by a term of 60 months of supervised release. (Dkt. 26.) The matter is now before the Court on Defendant's motion for early termination of supervised release. (Dkt. 29.) The government opposes the request. (Dkt. 32.)

Defendant was placed on supervised release on November 24, 2017 and therefore has approximately 27 months of supervised release remaining. Defendant argues that his term of supervised release should be terminated early because of his exceptionally good behavior during his incarceration and while on supervised release thus far. He also notes that he has taken several steps towards successful rehabilitation. The government notes that the probation department has confirmed that Defendant has completed sex offender therapy, remained compliant with the Michigan Sex Offender Registration Act, and completed the conditions of supervised release to

1

this point. Yet, the government opposes Defendant's request, noting that the Court imposed a below guideline sentence in this case and arguing that continued monitoring by the probation department is needed in light of the circumstances surrounding Defendant's conviction.

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release at any time after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Additional factors the Court considers are the sentencing factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *See* § 3583(e). Early termination "is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). However, "[s]imple compliance with the conditions of supervised release are [sic] expected and not exceptional . . . ." *United States v. Laine*, 404 F. App'x 571, 574 (3d Cir. 2010); *see also United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (noting that even though the defendant's "post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, it if were, the exception would swallow the rule").

Here, the Court finds that there are no changed circumstances that warrant early termination of Defendant's supervised release. As noted by the government, the Court imposed a 60-month term of supervised release consistent with 18 U.S.C. § 3583(k). While the Court commends Defendant on his compliance with the terms of supervised

2

release and efforts towards positive rehabilitation, this is not sufficient for early termination of Defendant's supervised release under the circumstances.

Based upon the foregoing, and having considered this matter in its entirety, Defendant's motion for early termination of supervised release is DENIED.

SO ORDERED.

                        s/Nancy G. Edmunds
                        Nancy G. Edmunds
                        United States District Judge

Dated: August 17, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 17, 2020, by electronic and/or ordinary mail.

                        s/Lisa Bartlett
                        Case Manager